**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWARD ELRY MORRISON,

        Plaintiff,

vs.

CHARLES J. SHORT, *et al.*,

        Defendants.

Case No. 3:08-cv-0582-ECR-VPC

**ORDER**

      Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-2). The Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

      In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

(1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  The Instant Complaint

Plaintiff sues Defendants Charles Short, Clerk of the Court for the Eighth Judicial District Court of Nevada; Linda Martinez-Webb, Clerk Supervisor of the Family Courts; Lynn Hughes, UIFSA Supervisor of the Clerks for the Family Courts; John/Jane Does 1-5, Deputy Clerks of the Court for the Eighth Judicial District Court; and John/Jane Does 1-5, Deputy Clerks for the Family Courts and Services Division, Clark County, Nevada, in their individual capacities for violation of his Constitutional rights. Specifically, Plaintiff claims the defendants have denied his First, Fifth, and Fourteenth Amendment rights by failing to properly file and process his court pleadings on multiple occasions and interfering with his telephonic hearing by severing the connection.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385 (9th Cir. 1987); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980). Thus, Plaintiff fails to state a claim upon which relief may be granted, and his claims must be dismissed.

Even if Plaintiff could articulate cognizable claims for relief, those claims are barred because a federal court does not have jurisdiction to overturn a state court judgment, even when the federal court complaint alleges that the state court judgment violates the plaintiff's federal constitutional rights. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals*

3

*v. Feldman*, 460 U.S. 462 (1983).  Here, Plaintiff states: "Plaintiff asserts that based upon lower court decisions and dysfunctional status quo of the Defendants' offices heretofore, this matter falls under 42 U.S.C. § 1983."   Federal court jurisdiction is not conferred simply because he has addressed these same matters in various state court venues and was dissatisfied with the outcomes he received.  He cannot relitigate them in federal court.

Because the Court finds that the plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief, and amendment would be futile, the complaint will be dismissed with prejudice.

Based on the foregoing, and with good cause appearing,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice for failure to state a claim upon which relief can be granted.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and **ENTER JUDGMENT ACCORDINGLY.**

DATED: June 12, 2009

_____
UNITED STATES DISTRICT JUDGE